**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Isidro GOMEZ–LEPE, Defendant— Appellant.**

No. 00–30334.

D.C. No. CR–98–02036–WFN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Dec. 21, 2001.

Before O'SCANNLAIN, GRABER, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

Isidro Gomez–Lepe appeals his jury conviction for conspiracy to distribute and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. We affirm.

### I.  The Cisneros Testimony

■ Gomez–Lepe first claims that the district court erred when it allowed the government to question Cisneros regarding the contents of a previously written statement. However, this statement was not admitted for impeachment purposes or otherwise. No error occurred because the district court sustained Gomez–Lepe's objection to the introduction of this statement.

■ As for the introduction of Cisneros' guilty plea, we agree with both parties that this evidence was admitted in error. Considering the other evidence presented against Gomez–Lepe as well as the limiting instruction given to the jury regarding use of prior convictions, any error in admitting the plea was harmless and does

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

not require reversal in this case. *See United States v. Mett,* 178 F.3d 1058, 1066 (9th Cir.1999) (error is harmless when there is a "fair assurance" that the judgment was not substantially swayed by the error).

## II. The Tape Recording

 Gomez–Lepe also challenges the admission of the tape recording and transcript of a phone conversation he had with another co-conspirator, Mario Estrada. Gomez–Lepe contends that his voice was not properly identified prior to admission of the phone recording into evidence. Voice identification can be established "by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Fed.R.Evid. 905(b)(5). Although the burden is properly on the offering party, *United States v. Mouton,* 617 F.2d 1379, 1383 (9th Cir. 1980), the government "need only make a prima facie showing of authenticity, as '[t]he rule requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification.'" *United States v. Black,* 767 F.2d 1334, 1342 (9th Cir.1985) (quoting WEINSTEIN'S EVIDENCE ¶ 901(a), at 901–16 to –17 (1983)). At trial, Estrada identified the voice on the phone as that of Gomez–Lepe, a voice with which Estrada claimed to be familiar. The telephone conversation was also linked to the recording. Thus, the government established a sufficient foundation for the admission of the tape recording.

Gomez–Lepe also challenges the jury's use of a transcript. In this case, the phone conversation took place in Spanish. The transcript contained an English translation. The district court allowed the jury to use the transcript solely during the playback of the recording in the court-

room. Because the recording was in a foreign language, the district court did not abuse its discretion in allowing this limited use of the transcript. *See United States v. Rrapi,* 175 F.3d 742, 746 (9th Cir.1999) (use of transcripts of conversations in foreign language not abuse of discretion when translation is accurate).

AFFIRMED.